■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PHILIP RAHMING, Appellant.— Judgment affirmed. Concur — Stevens, P. J., Capozzoli, Tilzer and Markewich, JJ.; Nunez, J., dissents in the following memorandum: I dissent and vote to reverse the judgment of conviction and for a new trial. Defendant's direct examination was confined to a denial of the commission of the crime and an account of his whereabouts during the time in question. He scrupulously avoided any reference to his post-arrest interrogation; nor was he questioned about a pair of socks which had been introduced in evidence against him. On cross-examination, the prosecutor improperly questioned him with regard to statements allegedly made to a police officer following his arrest without having established the warning required by *Miranda* v. *Arizona* (384 U. S. 436 [1966]). Defendant's rights were also violated when the prosecutor called Detective Dunscomb and, under the guise of using him in rebuttal, the detective related his interrogation of the defendant and the latter's answers following his arrest. Cross-examination elicited a denial that the arresting detective found socks in his pocket. Detective Dunscomb was then recalled for the purpose of rebutting defendant's denial that socks were found in his pocket at the time of his arrest. But more than that, this witness was then examined relative to defendant's statements concerning the socks. Over objections the witness testified that the defendant admitted possession of the socks but gave no explanation therefor. *Miranda* prohibits the use of any statement taken in violation of defendant's rights which cannot be used as part of the People's direct case, whether inculpatory or exculpatory, whether bearing directly on guilt or collateral matters, and whether used for impeachment or direct examination. Thus, statements procured in violation of *Miranda* cannot be used to impeach defendant's credibility unless defendant, on direct examination, has opened the door. (*People* v. *Miles,* 23 N Y 2d 527, 542–543 [1969]; *United States* v. *Fox,* 403 F. 2d 97; *Groshart* v. *United States,* 392 F. 2d 172; *People* v. *Schwartz,* 30 A D 2d

385 [2d Dept. 1968].) In *Schwartz*, as in the case at bar, defendant was cross-examined about matters not covered in his direct testimony; he was asked about his post-arrest statements which, though exculpatory in nature, contradicted an earlier statement made by him and testified to by the police officer. The Appellate Division, Second Department, reversed the conviction and held that absent proof that *Miranda* warnings had been given, the defendant's post-arrest statement was inadmissible even for impeachment purposes. The prosecutor led the court into the error of admitting the rebuttal testimony by citing *People* v. *Kulis* (18 N Y 2d 318 [1966]), as authority. In *People* v. *Miles* (*supra*, p. 543) the Court of Appeals stated: "But the problem with these statements persists. In the *Walder* case, on which, as noted, the *Kulis* case was based, the Supreme Court held that where the defendant, on direct examination, affirmatively resorts to perjurious testimony, the prosecution may challenge the defendant's credibility by offering evidence which would be, otherwise, inadmissible on the Government's case in chief. That court specifically excluded from this exception cases where the prosecution asked defendant questions not covered in his direct testimony, in order to lay a foundation for the tainted evidence on rebuttal (347 U. S. pp. 64–66)." Additionally, the People failed to give the notice required by section 813-f of the Code of Criminal Procedure which formalized the dictates of *People* v. *Huntley* (15 N Y 2d 72 [1965]). This notice requirement applies to statements in the form of admissions reflecting a consciousness of guilt. Failure to receive such notice deprived the defendant of his right to move to suppress the same. (Code Crim. Pro., § 813-g.) In my view we cannot say that the several errors committed did not substantially prejudice the defendant's right to a fair trial.